UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                           No. CR 16-2925 JAP

**ANTONIO PÉREZ-CONTRERAS
and JESUS GARCIA,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On January 6, 2017, Defendant Jesus Garcia filed a motion to sever his upcoming trial from that of his Codefendant and alleged coconspirator, Antonio Perez-Contreras. *See* MOTION TO SEVER DEFENDANTS (SEALED AND OPPOSED) (Doc. 59) (Motion). Perez-Contreras does not oppose the motion, but the United States has responded in opposition. *See* UNITED STATES' SEALED RESPONSE IN OPPOSITION TO DEFENDANT JESUS MANUEL GARCIA'S MOTION TO SEVER DEFENDANTS (Doc. 69) (Response). Garcia filed a reply, *see* REPLY RE MOTION TO SEVER DEFENDANTS (SEALED) (Doc. 76) (Reply), and has since moved to stay proceedings in his case. MOTION TO STAY PROCEEDINGS (SEALED AND UNOPPOSED) (Doc. No. 84) (Motion to Stay). Having granted the Motion to Stay in the ORDER entered March 14, 2017 (Doc. No. 87), the Court will grant Garcia's Motion to sever his trial from that of Perez-Contreras.

I.   DISCUSSION

Codefendants Garcia and Perez-Contreras are charged under a SECOND SUPERSEDING INDICTMENT (Doc. 66) with Conspiracy, in violation of 21 U.S.C. § 846, and two counts of Distribution of 50 Grams and More of Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. Resp. at 1–2. The indictment also charges Defendants separately. *Id.* Perez-Contreras is charged with Alien in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2), Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b), and one count of Distribution of 50 Grams and More of Methamphetamine and Aiding and Abetting in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. *Id.* Garcia is charged with three counts of Felon in Possession of a Firearm and one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* at 2. Both Defendants are currently in custody, and the trial is set for April 3, 2017. Defendants were joined under Federal Rule of Criminal Procedure 8(b) because they are alleged to have participated in the same series of acts or transactions, constituting the offenses charged in the indictment. *Id.* The charges are based on a series of transactions between Defendants and an undercover ATF agent involving the sale of firearms and methamphetamine. Mot. at 1.

In the Motion, Garcia argues that a joint trial will prejudice him because he and Perez-Contreras have conflicting defenses, the admission of statements by Perez-Contreras may violate his confrontation rights, and there is more evidence implicating Perez-Contreras, which could prejudice Garcia by inviting a verdict of guilt by association. *Id.* at 2–9. The United States responds that Defendants should be tried together because they were indicted together and charged with conspiracy. Resp. at 3–4. The United States contends that any statements that are

not admissible as statements of a coconspirator can be redacted and limited as necessary to remove any confrontation issues. *Id.* at 5–6. The United States asserts that neither conflicting defenses nor a disparity in evidence of culpability between coconspirators are sufficiently prejudicial to justify severance. *Id.* at 6–7.

A court is allowed, but not required, to sever a defendant's trial from that of a codefendant when joinder appears to prejudice any defendant or the government. Fed. R. Crim. P. 14(a).

> When considering a motion for severance, a trial court engages in a three step inquiry. First, it must determine whether the defenses presented are "so antagonistic that they are mutually exclusive." *United States v. Peveto*, 881 F.2d 844, 857 (10th Cir.1989). Second, because "[m]utually antagonistic defenses are not prejudicial per se," a defendant must further show "a serious risk that a joint trial would compromise a specific trial right ... or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Third, if the first two factors are met, the trial court exercises its discretion and "weigh[s] the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *Peveto*, 881 F.2d at 857.

*United States v. Pursley*, 474 F.3d 757, 765 (10th Cir. 2007). Even when prejudice is shown, the proper relief is within the discretion of the district court. *Zafiro*, 506 U.S. at 539. "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.*

In this case, conflicting defenses or a disparity in evidence might not justify separate trials. *See Zafiro*, 506 U.S. at 540 ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."). But the Court need not rely on those factors to determine prejudice. Because proceedings against Garcia

have been stayed through the grant of a motion that does not implicate Perez-Contreras, the Court finds that joinder will prejudice Perez-Contreras by unnecessarily delaying his trial. Additionally, the public has an "interest in bringing prompt criminal proceedings." *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). Perez-Contreras has been in custody since his July 26, 2016 arrest, and will remain in custody pending trial. *See* ORDER OF DETENTION (Doc. No. 36). The Court therefore concludes that severance is required to preserve Perez-Contreras' constitutional right to a speedy trial.

IT IS THEREFORE ORDERED that:

1) The MOTION TO SEVER DEFENDANTS (SEALED AND OPPOSED) (Doc. 59) is GRANTED; and

2) All existing pretrial and trial settings remain in effect as to Defendant Perez-Contreras: The Call of the Calendar is set for March 23, 2017, at 11:00 a.m. and jury selection and trial are set for April 3, 2017, at 1:30 p.m.; and

3) Pretrial and trial settings are vacated as to Defendant Jesus Garcia, and will be reset once the stay of proceedings as to Defendant Garcia is lifted.

_____
SENIOR UNITED STATES DISTRICT JUDGE